474 So.2d 282 (1985)
Dorothy G. LEE, Trustee, and Golden Hills Real Estate Sales, Appellants,
v.
DIVISION OF FLORIDA LAND SALES AND CONDOMINIUMS, Appellee.
No. 84-31.
District Court of Appeal of Florida, Fifth District.
July 5, 1985.
Rehearing Denied August 26, 1985.
*283 H.B. Giedzinski, Ocala, for appellants.
Thomas L. Barnhart, Staff Atty., Dept. of Business Regulation, Tallahassee, for appellee.
SHARP, Judge.
This is an appeal from a final order of the Division of Florida Land Sales and Condominiums (Division), which found appellants guilty of two separate violations of Chapter 498, Florida Statutes (1983), assessed civil penalties totaling $20,000.00, and ordered immediate commencement of repair and maintenance of roads. We reverse.
The two violations of section 498.051(1)(e), Florida Statutes (1983), were founded on selling subdivided land and failing to maintain the roads in a subdivision, contrary to an exemption order and consent order. A $10,000.00 civil penalty was assessed for each violation. The penalties imposed were the maximum possible under the applicable statute.[1] The choice of penalty, if within the statutory maximum, is not within our power to review.[2] However, since we conclude one of the penalties should not have been imposed, and the remaining violation was the less serious or willful charge, we vacate both penalties and remand this matter to the Division for reconsideration of the penalty for the remaining violation.
Appellants entered into a consent order with the Division which incorporated a previous order of exemption. Pursuant to the consent order, appellants agreed not to offer or dispose of certain unimproved lots until a drainage plan was completed, and they agreed to repair potholes and maintain portions of the road within the subdivision until Marion County formally accepted the roads for maintenance. Appellants thereafter sold two separate groups of forty-three unimproved lots. The hearing officer found that these sales were exempt from the purview of Chapter 498. Section 498.025(1)(f), Florida Statutes (1983), exempts single sales of $50,000.00 or more. Both of these sales exceeded $50,000.00.
The Division rejected the hearing officer's conclusion on the theory that by entering into the consent order, appellants waived their right to engage in any sale of any subdivision land, including exempt sales, and they were estopped from asserting any defense. To support its conclusion, the Division made findings relating to waiver and estoppel which had not been found *284 by the hearing officer.[3] It is plain from section 498.025(1)(f), Florida Statutes (1983), that appellant's sales were exempt from the Uniform Land Sales Practices Law. § 498.001, Fla. Stat. (1983). Hence, the sale was clearly outside the Division's regulatory powers. As cogently stated by the court in Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787 (Fla. 1st DCA 1982), review denied, 436 So.2d 98 (Fla. 1983):
An agency has only such power as expressly or by necessary implication is granted by legislative enactment. An agency may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power such as might reside in, for example, a court of general jurisdiction. When acting outside the scope of its delegated authority, an agency acts illegally and is subject to the jurisdiction of the courts when necessary to prevent encroachment on the rights of individuals.
Id. at 793.
Since sales in excess of $50,000.00 were statutorily exempted, we do not think these parties could contract away that exemption and give the Division jurisdiction to regulate sales expressly not included under its statutory powers by imposition of statutory penalties.[4] We therefore reverse the finding of guilt as to the first violation and its $10,000.00 penalty, which was based on sales of subdivided lands. We reinstate the findings and conclusions of the hearing officer pertaining to this violation.
We affirm the finding of guilt as to the second violation based on appellants' failure to repair the roads, but we vacate the penalty and remand this issue for reconsideration in view of our disposition of this case. See Hodge v. Department of Professional Regulation of Florida, 432 So.2d 117 (Fla. 5th DCA 1983). The hearing officer noted in his recommended order that there were circumstances in this case which mitigated against the conclusion that appellants acted in blatant and willful disregard of the consent order.[5] He noted there was a problem with appellants being able to maintain the roads while a drainage plan was being constructed. The need for road repairs during the period in question was not clearly established and the record contained no clear standard for road maintenance of such subdivision roads. In addition, appellants had relied upon Marion County's agreement to assume the maintenance of the roads, which the county later disputed. At the time these proceedings were before the hearing officer, appellants were pursuing an action in the circuit court to determine the county's responsibility to maintain the roads.
In summary, we reverse the first violation and its $10,000.00 penalty and affirm the second, but vacate the second $10,000.00 penalty. We remand this proceeding to the Division so that it may reconsider its choice of penalty, if it elects to do so, with regard to the second violation.
*285 REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
COWART, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.
FRANK D. UPCHURCH, Jr. Judge, dissenting:
I respectfully dissent. Chapter 498, Florida Statutes (1983) regulates the sale of subdivided land in this state. Section 498.025(1)(f) exempts single sales of $50,000 or more from the chapter. Here, appellants and the Division of Land Sales entered into a voluntary agreement whereby appellants agreed not to sell any unimproved lots pending installation of a drainage system. Appellants made such agreement because at the time they apparently felt this was in their best interest. The Department was not attempting to regulate sales beyond its regulatory powers; it was attempting to secure the installation of a drainage system. Its power to require such installation was not disputed. Appellants' agreement was not illegal simply because appellants later effected sales, which, if made prior to the agreement, would not have been subject to the Department's control. They subsequently violated the agreement by selling two groups of lots. While both of the sale prices exceeded $50,000, it cannot be said that the agreement not to sell the lots was in any sense illegal. Having violated the agreement, the Division was free to impose such penalties as were authorized by law. The penalty seems harsh, but it is authorized and we have no power to review it. Florida Real Estate Comm. v. Webb, 367 So.2d 201 (Fla. 1978); Clark v. Department of Prof. Regulation, 463 So.2d 328 (Fla. 5th DCA 1985). I would affirm.
NOTES
[1] § 498.049(4), Fla. Stat. (1983).
[2] Florida Real Estate Comm'n v. Webb, 367 So.2d 201 (Fla. 1978).
[3] This procedure carries various due process problems. Greater Boston Television Corp. v. F.C.C., 444 F.2d 841 (D.C. Cir.1970), cert. denied, 403 U.S. 923, 91 S.Ct. 2233, 29 L.Ed.2d 701 (1971); Ideal Farms, Inc. v. Benson, 181 F. Supp. 62 (D.C.N.J. 1960), aff'd, 288 F.2d 608 (3rd Cir.1961), cert. denied, 372 U.S. 965, 83 S.Ct. 1087, 10 L.Ed.2d 128 (1963); Henshaw v. Kelly, 440 So.2d 2 (Fla. 5th DCA 1983), review denied, 450 So.2d 486 (Fla. 1984) (Sharp, J., dissenting). But we do not need to reach these questions because we resolve this case on other grounds.
[4] See City of West Palm Beach v. Palm Beach County Police Benevolent Association, 387 So.2d 533 (Fla. 4th DCA 1980); BEC Construction Corporation v. Gonzalez, 383 So.2d 1093 (Fla. 1st DCA), rev. denied, 389 So.2d 1110 (Fla. 1980); Wilds v. Permenter, 228 So.2d 408 (Fla. 4th DCA 1969); Miller v. Eatmon, 177 So.2d 523 (Fla. 1st DCA 1965); Huntley v. Alejandre, 139 So.2d 911 (Fla. 3rd DCA), cert. denied, 146 So.2d 750 (Fla. 1962).
[5] Because of these circumstances, the hearing officer assessed a $2,500.00 civil penalty for failure to repair potholes in the roads, which he suspended upon appellants' agreeing to repair all the potholes in the subdivision unless and until their litigation with the county was successfully concluded or the county otherwise agreed to assume responsibility for maintenance of the roads.