Mr. Gregory L. Coler Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Secretary Coler:
You have asked my opinion on the following question:
 Does the Department of Health and Rehabilitative Services have the authority to pay bonuses to foster parents who recruit additional foster parents?
In sum, I am of the opinion:
 The Department of Health and Rehabilitative Services does not have the authority to pay bonuses to foster parents who recruit additional foster parents.
This office has previously stated that a state administrative agency, such as the Department of Health and Rehabilitative Services (HRS), possesses no inherent power and may only exercise such authority as is expressly, or by necessary implication, granted by statute.[1] In addition, implied powers must be indispensible to powers expressly granted.[2] If there is reasonable doubt as to the lawful existence of a particular power, it should not be exercised.[3]
Pursuant to Ch. 409, F.S., HRS possesses certain responsibilities regarding the screening and licensing of family foster homes in Florida.[4] Section 409.175(4)(a), F.S., provides that HRS is responsible for adopting licensing rules for family foster homes, residential child-caring agencies, and child-placing agencies.[4]
These foster homes and agencies must meet the requirements established by HRS.[5]
However, while HRS possesses certain regulatory powers and duties over foster homes within this state, I am not aware of any provision which expressly authorizes HRS to provide a monetary award to foster parents who recruit foster parents. Further, it does not appear that such authority may be implied from any express power of HRS.[6]
Reference is made in the materials accompanying your request to s.20.19, F.S.,[7] as providing authority for the Deputy Secretary for Operations, the Deputy Secretary for Programs, and the Deputy Secretary for Administration to approve such bonus payments. Section 20.19(3), F.S., however, merely states that the Deputy Secretary for Operations
 shall be responsible for and have line authority over service program operations of the department, including the management of institutions and residential treatment programs, assuring that such programs comply with federal and state laws and regulations, and such other duties as are assigned to him by the secretary.
Section 20.19(5), F.S., grants the Deputy Secretary for Programs the responsibility for general statewide supervision of the administration of service programs operated by the department (except for those programs under the Deputy Secretary of Health),[8] while s. 20.19(6), F.S., provides that the Deputy Secretary for Administration shall be responsible for budget management. These statutes, which merely establish the general responsibilities of these officials, do not, in my opinion, authorize these officials to make bonus payments to foster parents for recruiting foster parents.[9]
Therefore, in the absence of any express or necessarily implied authority, I must conclude that HRS is not authorized to provide a monetary award or bonus to foster parents for recruiting individuals willing to serve as foster parents.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., AGO's 86-46 and 85-65. And see, State of Florida, Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787 (1 D.C.A.Fla., 1982), pet. for rev. denied, 436 So.2d 98 (Fla. 1983); Lee v. Division of Florida Land Sales and Condominiums, 474 So.2d 282 (5 D.C.A.Fla., 1985) (an administrative agency has only such power as expressly or by necessary implication is granted by legislative enactment; it may not increase its own jurisdiction and, as a creature of statute, has no common-law jurisdiction or inherent power). And see, AGO 71-28 stating that to perform any function for the state or to expend any moneys for the state, the public officer seeking to perform such function or to incur such obligation must point to a constitutional or statutory provision authorizing him to do so.
[2] See, State v. Atlantic Coast Line R. Co., 47 So. 969
(Fla. 1908); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A.Fla., 1974). And see, AGO's 78-101 and 78-114, stating that while an express power may include implied authority to use the means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred.
[3] See, e.g., White v. Crandon, 156 So. 303, 305 (Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944).
[4] See, s. 409.175(2)(e), F.S., defining "Family foster home."
[5] See, s. 409.175(3)(a), F.S., providing that a person, family foster home, or residential child-caring agency shall not receive a child for continuing full-time care or custody unless such person, home or agency has first procured a license from the department to provide such care.
[6] Compare, s. 403.414, F.S., creating the pollution control awards program to be administered by the Department of Commerce.
[7] While your letter refers to s. 20.19(3) and (4), F.S., subsection (4) was amended by s. 2, Ch. 88-235, s. 9, Ch. 88-337, and s. 15, Ch. 88-398, Laws of Florida. Section 2 of Ch. 88-235, supra, renumbers s. 20.19(4)(a) and (b) as s. 20.19(5) and (6). Formerly designated as the Assistant Secretary for Programs and the Assistant Secretary for Administration, s. 2, Ch. 88-235, supra, now designates these positions as deputy secretaries.
[8] Id.
[9] Compare, s. 110.403(3)(c), F.S., which provides that at the completion of an unsuccessful in-house search and upon request of the head of an employing agency or the executive director of an executive department, the Department of Administration is authorized to contract with persons engaged in the business of conducting multistate executive searches to identify qualified and available applicants for Senior Management Service positions.
[10] Such a conclusion is consistent with previous opinions of this office. See, e.g., AGO 86-46, this office stated that the Department of Environmental Regulation was not authorized to provide a monetary award to an employee of the department for an invention developed by the employee while working for the department when such invention is patented and then marketed by the department unless such service may be included in the Meritorious Service Awards Program established by s. 110.1245, F.S. Compare, AGO 81-20 in which this office concluded that the Governor's Energy Office was authorized by law to administer and disburse federal funds to make awards to individuals and businesses in the state who had excelled in energy conservation.