Mr. Thomas H. Bateman, III General Counsel Department of Transportation 605 Suwannee Street Tallahassee, Florida 32399-0450
Dear Mr. Bateman:
You have asked substantially the following question:
 May the Department of Transportation contract with private attorneys for collection of unsatisfied judgments and pay such attorneys a portion of the collected amounts as their fees?
In sum, I am of the following opinion:
 Absent specific statutory authority, an administrative agency, such as the Department of Transportation, may not enter into contingent fee contracts with private attorneys for the collection of unsatisfied judgments with the attorneys' fees paid from the collected sums.
You indicate that the Department of Transportation (DOT) has recorded, unsatisfied judgments in excess of 1.1 million dollars against persons at fault for damage to state property. Since DOT lacks adequate legal resources to pursue available post-judgment remedies, it wishes to enter into contingency contracts with private attorneys to collect the unsatisfied judgments and receive payment from the collected sums.
Section 17.20, F.S., directs the Department of Banking and Finance to "charge the several state attorneys of this state with all claims which it places in their hands for collection of money or property for and on behalf of the state or any county or special district, or which it may otherwise require them to collect." The department is authorized to assign collection of any claim to a collection agent if the department finds such assignment to be cost-effective. Section 17.20, F.S., specifically provides that
 [t]he department may pay from any amount collected by such agent under such claim a fee which the department and the agent have agreed upon; may authorize the agent to deduct such fee from the amount collected; or may require the appropriate state agency, county, or special district to pay the agent such fee from any amount collected by the agent on its behalf.
This office, in AGO 76-218, addressed the fiscal responsibilities of the Comptroller's office in relation to specific statutory authorization for the Department of Education and the Department of Health and Rehabilitative Services to "settle or charge off" accounts owed to the individual agency. The opinion recognized that the Legislature makes the Comptroller the chief fiscal officer over accounts owed to the state by providing that
 [t]he Department of Banking and Finance of this state shall examine, audit, adjust and settle the accounts of all the officers of this state, and any other person in anywise intrusted with, or who may have received any property, funds or moneys of this state, or who may be in anywise indebted or accountable to this state for any property, funds or moneys, and require such officer, or persons to render full accounts thereof, and to yield up such property or funds according to law, or pay such moneys into the treasury of this state, or to such officer or agent of the state as may be appointed to receive the same, and on failure so to do, to cause to be instituted and prosecuted proceedings, criminal or civil, at law or in equity, against such persons, according to law.[1]
It was concluded that the statutory authorization for the Department of Education and the Department of Health and Rehabilitative Services to settle or charge off specified accounts did not conflict with the general provision giving the Department of Banking and Finance fiscal responsibility over state accounts. Thus, this office determined that those agencies with statutory authority to settle or charge off accounts, while having the option to do so, were not required necessarily to submit such claims to the Department of Banking and Finance for collection, adjustment or settlement.
It is, therefore, this office's position that only where the Legislature has authorized an administrative agency to perform the fiscal function of settling or adjusting accounts owed to that agency may the agency do so without submitting the account to the department.[2] Unlike the Department of Education or the Department of Health and Rehabilitative Services, however, the DOT has not been granted any specific authority to settle or adjust the accounts owed to it.
In AGO 83-35, this office considered whether the statutory authority granted the Department of Community Affairs to bring a legal action to protect the state's interest under Part III, Ch.420, F.S., impliedly included the authority to compromise a claim subject to legal action by accepting a deed in lieu of foreclosure. This office concluded that the authority to bring an action to protect the interest of the state in the event of a default on a loan implicitly included the authority to compromise or settle such claims of the state or litigation to which the state is a party if the department determined in good faith it was in the best interest of the state. Furthermore, it was found that the Secretary of the Department of Community Affairs was authorized by an administrative rule to accept a deed in lieu of initiating foreclosure proceedings against a borrower who defaults on a loan extended under Part III, Ch. 420, F.S.
The conclusion in AGO 83-35 would appear to allow any state agency with the authority to bring suit to protect the interest of the state to compromise or settle a claim if it is determined to be in the best interest of the state. The claims reviewed in AGO 83-35 had not been litigated and were open to negotiation or settlement. It would appear, therefore, that the implicit authority to compromise or settle claims appears limited to claims which have not been adjudicated.
The situation you have questioned involves the collection of a judicially liquidated sum owed to the State of Florida and would not fall within the category of claims discussed in AGO 83-35. To allow the DOT to contract with private attorneys on a contingency fee basis after the amount due the state is reduced to a judgment would result in the state receiving less than the amount due and owing to it, as that amount would be reduced by the attorney's fee.
As a statutorily created administrative agency, the DOT possesses only such authority as is expressly given or by necessary implication conferred by law.[3] I have not found, nor have you provided, any statutory authority which would allow the DOT to enter into contingency contracts with private counsel for the collection of unsatisfied judgments with the attorney's fee being paid from the collected sum.
In light of the fiscal responsibilities imposed upon the Department of Banking and Finance discussed above and in the absence of a specific grant of authority, it is my opinion that the DOT does not have the authority to contract with private counsel to collect unsatisfied judgments and receive a fee from the amount collected.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 17.04, F.S. See also, s. 4(d), Art. IV, State Const., providing that "[t]he comptroller shall serve as the chief fiscal officer of the state, and shall settle and approve accounts against the state."
[2] See, e.g., s. 240.291, F.S., allowing each state university to charge off or to settle such accounts as may prove uncollectible, s. 240.465, F.S., allowing the Department of Education to charge off, settle or turn over to a collection agent unpaid and uncanceled scholarship loan accounts, and s. 402.17(1)(b), F.S., allowing the Department of Health and Rehabilitative Services to charge off accounts certified uncollectible.
[3] See, e.g., AGO's 86-46 and 85-65. And see, Lee v. Division of Florida Land Sales and Condominiums, 474 So.2d 282 (5 D.C.A.Fla., 1985) (an administrative agency has only such power as expressly or by necessary implication is granted by legislative enactment; it may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power).