566 So.2d 1358 (1990)
The BOARD OF TRUSTEES OF THE INTERNAL IMPROVEMENT TRUST FUND OF the STATE OF FLORIDA and Florida Audubon Society, Appellants,
v.
BOARD OF PROFESSIONAL LAND SURVEYORS, Department of Professional Regulation of the State of Florida, et al., Appellees.
Nos. 89-1293, 89-1294.
District Court of Appeal of Florida, First District.
September 13, 1990.
*1359 Robert A. Butterworth, Atty. Gen., David G. Guest, Jonathan A. Glogau, and Ronald G. Stowers, Asst. Attys. Gen., Kenneth Plante, General Counsel, Dept. of Natural Resources, Orlando, for appellant Board of Trustees.
David C. Schwartz, Orlando, and Joseph Z. Fleming, Miami, for appellant Florida Audubon Society.
Diane D. Tremor and Chris H. Bentley, of Rose, Sundstrom & Bentley, Tallahassee, for appellee/cross-appellant Board of Professional Land Surveyors.
Michael L. Rosen and Julian Clarkson, of Holland & Knight, Tallahassee, for appellees/cross-appellants Agrico Chemical Co., Florida Land Council, Inc., Florida Forestry Ass'n, Inc., Florida Land Title Ass'n, Inc., Florida Citrus Mut., Florida Farm Bureau Federation, Florida Cattlemen's Ass'n, Florida Sugar Cane League and Florida Fruit & Vegetable Ass'n.
Vance W. Kidder, of Spriggs & Kidder, Tallahassee, for appellee/cross-appellant Florida Cattlemen's Ass'n.
G. Steven Pfeiffer, Tallahassee, for amicus curiae 1000 Friends of Florida.
WENTWORTH, Judge.
Before us on appeal is a final order entered by the Division of Administrative Hearings (DOAH) upon an administrative rule challenge to certain rules proposed by the Board of Professional Land Surveyors (Board of Surveyors) which purport to delineate the way in which the ordinary high water line or mark (OHWL or OHWM) of certain bodies of water in this state are to be established by survey. According to the parties, the OHWL of a given body of water may constitute the demarcation between privately-owned uplands and sovereign submerged lands, and because of an abundance in this state of flat and low-lying lands which border on navigable bodies of water, there is a need to establish a uniform method for determining an OHWL.
Subsequent to a rule challenge hearing held pursuant to section 120.54(4), Florida Statutes, the hearing officer entered his final order, finding most of the contested rules invalid but concluding that certain specified rules constituted a valid exercise of the Board of Surveyors' delegated legislative authority. The Board of Trustees of the Internal Improvement Trust Fund (Trustees) seeks review of the final order insofar as it finds valid any of the challenged rules, and the Board of Surveyors cross-appeals the hearing officer's specific determinations of invalidity. We affirm the hearing officer to the extent that he invalidated certain of the contested rules, but reverse his determination that certain other of the contested provisions were valid.
The Board of Surveyors published a notice of rulemaking in September 1988, and according to this notice the proposed rules were intended, inter alia, to "clarify and refine provisions in the existing rule" relating to technical standards for land surveying, and to "add minimum technical standards for ... Ordinary High Water Line (OHWL) surveys." After notice was provided, the attorney general initiated a challenge to certain of the proposed rules on behalf of the Board of Trustees, the body authorized by section 253.04(1), Florida Statutes, to protect and conserve state lands. Several other parties eventually joined one side or the other in the rule challenge proceeding. As an initial matter, we agree that the Trustees had a substantial interest in the outcome of the proceeding, and find no error in allowing the attorney general to petition for rule challenge on their behalf in the absence of any opposition from the Trustees.
After conducting extensive hearings and considering the proposed final orders and *1360 associated memoranda of the respective parties, the hearing officer issued his final order in April 1989. The hearing officer found invalid the following contested provisions in the proposed rules: 21HH-6.002(3), 6.002(4), 6.002(7), 6.002(11), 6.002(13), 6.002(16), 6.002(17), that part of 6.002(18)(i) which incorporates other invalid rules, 6.002(19), 6.002(20), and 21HH-6.0052(2)(a), 6.0052(2)(i) (except for the preamble, which was found to be valid), part of 6.0052(2)(j)(1), 6.0052(2)(j)(3), and 6.0052(2)(k). The final order indicates that the hearing officer's determinations of invalidity were based primarily on his conclusion that the proposed rules were a "pronouncement of the Surveyors' choice among legal principles for finding the OWHM," and that they did not precisely restate or embody the caselaw of Florida relating to the scope of sovereign submerged land ownership and the concept of the ordinary high water line. In particular part, the final order reads:
The rules which have been challenged are, for the most part, an attempt to establish legal principles governing the process for determining the OHWM ... [W]hen describing the OHWM survey the Surveyors paraphrase, create and delete legal principles based on their analysis of decisional law from Florida, the federal system, and from other states. They express their own ideas about what the legal principles should be in order to assist licensees in the practice of surveying.
In the same order, the hearing officer found valid the following contested provisions: 21HH-6.002(1), 6.002(2), 6.002(8), 6.002(12), 6.002(14), 21HH-6.0052(2)(b)-(h), part of 6.0052(2)(j)(1), 6.0052(2)(j)(2), and 6.0052(2)(j)(4). These provisions were found either to restate accurately the relevant decisional law or to constitute "minimum technical standards."
On appeal, the Trustees argue that all of the contested rules are invalid because they do not accurately codify the extant decisional law relating to the establishment of an OHWL. The Board of Surveyors asserts that all of the rules merely delineate certain technical standards to be employed in an OHWL survey, and that they therefore fall within the scope of the Board of Surveyors' grant of legislative authority to promulgate such technical standards.
We find it unnecessary to decide whether the proposed rules accurately restate the decisional law on sovereign submerged land ownership because we find that the contested rules, with certain exceptions, constitute an invalid exercise of the Board of Surveyors' delegated legislative authority. All rulemaking authority delegated to administrative agencies is of course limited by the statute conferring the power. Department of Professional Regulation v. Florida Society of Professional Land Surveyors, 475 So.2d 939, 942 (Fla. 1st DCA 1985). According to section 120.52, Florida Statutes, a proposed rule is an invalid exercise of delegated legislative authority if it "goes beyond the powers, functions, and duties delegated by the Legislature." If the agency has exceeded its grant of rulemaking authority, or if the rule enlarges, modifies, or contravenes the specific provisions of law implemented, such infractions are among those requiring a conclusion that the proposed rule is an invalid exercise of delegated legislative authority. s. 120.52, F.S.
The statute upon which the Board of Surveyors relied for its rulemaking authority is section 472.027, Florida Statutes. This section provides:

Minimum technical standards for land surveying. The Board shall adopt rules relating to the practice of land surveying which establish minimum technical standards to assure the achievement of no less than minimum degrees of accuracy, completeness, and quality in order to assure adequate and defensible real property boundary locations and other pertinent information provided by land surveyors under the authority of ss. 472.001-472.039. (e.s.)
The "practice of land surveying" is defined by section 472.005(4)(a), Florida Statutes as follows:
Any professional service or work, the adequate performance of which involves *1361 the application of special knowledge of the principles of mathematics, the related physical and applied sciences, and the relevant requirements of law for adequate evidence of the act of measuring... natural and manmade features ... for the purpose of determining or establishing the facts of size, shape, topography ... and orientation of improved or unimproved real property... . (e.s.)
Clearly, the only authority granted to the Board of Surveyors under the above statutes is to promulgate rules which provide "minimum technical standards" to ensure that surveys are accurately measured, complete, and of sufficient quality in those respects to provide legally defensible real property boundaries. Although section 472.027, Florida Statutes, may authorize a rule directing a surveyor to measure the placement or reach of water and to record that location and the time that the measurement was taken, we do not read that statute to provide a predicate for the surveyors to define any such fixed point as the ordinary high water line or to circumscribe thereby the legal consequences that flow from the fixing of such a point. The determination of rights of parties to a riparian boundary dispute is instead a matter subject ultimately to judicial resolution under all applicable law.
Although an executive agency may, in drafting rules, properly restate or interpret pertinent caselaw, that agency activity like all others is constrained by the applicable legislative grant of functional authority. Even assuming there may be a need for administrative promulgation of such rules as those here in question, we conclude that the challenged rules do not fall within the scope of the grant of authority to the Board of Surveyors.[1] In so finding, we need not reach the issue of whether the rules comport precisely with decisional law on sovereign submerged land ownership and the ordinary high water line. Therefore, to the extent that the final order invalidates specified portions of the proposed rules, we affirm. In addition we find the following proposed rules constitute an invalid exercise of delegated legislative authority: Rules 21HH-6.002(1), 6.002(2), 6.002(8), 6.002(12), 6.002(14), 21HH-6.0052(2)(h), the preamble to 6.0052(2)(i), and all of 6.0052(2)(j). To the extent that the order is inconsistent with this determination, we reverse.
With respect to appellant's dispute as to dicta in the order invalidating Rule 21HH-6.0052(2)(j)3, we find the rule, like the others challenged here, represents an action by the Board which exceeds its grant of rulemaking authority, and affirm its invalidation on that basis. We need not, accordingly, reach the question of whether the hearing officer applied an improper "tidelands rule" in his analysis, nor the question of which rule is applicable in determining whether a non-navigable arm of a lake is a part of the navigable water body for sovereign lands purposes.
Affirmed in part, reversed in part, and remanded for further consistent proceedings.
SMITH and JOANOS, JJ., concur.
NOTES
[1] We acknowledge that agencies' functions in specific instances will not be entirely separate and discrete, as indicated by Department of Professional Regulation, Board of Professional Engineers v. Florida Society of Professional Land Surveyors, 475 So.2d 939, 944 (Fla. 1st DCA 1985), where this court noted that it could not there discern "any overt legislative intent to create ... an absolute wall or barrier" between the two professions so as to preclude the Board of Professional Engineers from promulgating a rule defining engineering surveys, which included certain acts which could have been described as land surveying as well. This court concluded that specific rulemaking authority to approve courses of study relating to engineering surveys authorized the board's definitional rule.

In the case at bar, the enabling legislation authorizes rules by which the boundary indicators on a parcel of riparian property can be recorded, with no discernible explicit or implicit necessity for definition of the legal concept of the ordinary high water line of a body of water under Florida law.