Gus A. Sliger Chairman Board of Professional Land Surveyors Department of Professional Regulation
QUESTION: May the Board of Professional Land Surveyors promulgate rules imposing minimum technical standards for professional land surveyors preparing subdivision planning maps or record plats pursuant to Part I, Ch. 177, F.S.?
SUMMARY: The Board of Professional Land Surveyors may adopt rules establishing minimum technical standards to assure minimum degrees of accuracy, completeness, and quality for surveyors preparing subdivision planning maps and record plats pursuant to the requirements in Part II, Ch. 177, F.S. The board may not adopt rules, however, which enlarge, modify or contravene the requirements in Part II, Ch. 177, F.S.
Section 472.027, F.S., authorizes the Board of Professional Land Surveyors (board) to adopt rules relating to the practice of Land surveying. Such rules may establish minimum technical standards in order to assure adequate and defensible real property boundary locations and other pertinent information provided by land surveyors in carrying out the practice of land surveying. The "[p]ractice of land surveying" is defined as
 any professional service or work, the adequate performance of which involves the application of special knowledge of the principles of mathematics, the related physical and applied sciences, and the relevant requirements of law for adequate evidence of the act of measuring, locating, establishing, or reestablishing lines, angles, elevations, natural and manmade features in the air, on the surface and immediate sub-surface of the earth, within underground workings, and on the beds or surface of bodies of water, for the purpose of determining or establishing the facts of size, shape, topography, tidal datum planes, legal or geodetic location or relocation, and orientation of improved or unimproved real property . . . .[1]
Such practice also includes
photogrammetric control; the monumentation and remonumentation of property boundaries and subdivisions; the measurement of and preparation of plans showing existing improvements after construction; the layout of proposed improvements; the preparation of descriptions for use in legal instruments of conveyance of real property and property rights; the preparation of subdivisionplanning maps and record plats, as provided for in chapter 177; the determination of, but not the design of, grades and elevations of roads and land in connection with subdivisions or divisions of land; and the creation and perpetuation of alignments related to maps, record plats, field note records, reports, property descriptions, and plans and drawings that represent them.[2]
(e.s.)
Thus, the board may promulgate rules which establish minimum technical standards to ensure minimum levels of accuracy, completeness and quality in the preparation of subdivision planning maps and record plats, as provided for in Ch. 177, F.S. As an administrative agency, however, the board's rulemaking power is limited by the statute conferring the power.[3]
A proposed rule is an invalid exercise of delegated legislative authority if it "goes beyond the powers, functions, and duties delegated by the Legislature."[4] If the board exceeds its grant of rulemaking authority or if a rule "enlarges, modifies, or contravenes the specific provisions of law implemented," then the proposed rule is an invalid exercise of delegated legislative authority.[5]
In Board of Trustees v. Board of Professional Land Surveyors,[6]
the district court reviewed proposed rules of the board of land surveyors prescribing the way in which the ordinary high water line on bodies of water in the state would be established by survey. The court concluded that the land surveyors board's authority was limited to promulgating rules providing minimum technical standards to ensure that surveys are accurately measured, complete and of sufficient quality in those respects
to provide legally defensible real property boundaries. While a rule might direct a surveyor to measure the placement or reach of water and to record the location and the time the measurement was taken, the court found no statutory authority allowing surveyors to define such a fixed point as the ordinary high water line.[7]
To the extent a proposed rule attempted to grant surveyors the authority to make such a determination, the court stated that the rule was invalid.[8]
Part I, Ch. 177, F.S., has as its stated purpose
to establish consistent minimum requirements, and to create such additional powers in local governing bodies, as herein provided to regulate and control the platting of lands. This part establishes minimum requirements and does not exclude additional provisions or regulations by local ordinance, laws, or regulations.[9]
The minimum requirements of the platting of lands are thereafter set forth in Part I, Ch. 177, F.S.[10] As stated above, however, additional provisions or regulations of the platting of lands are specifically allowed to be imposed only by local governing bodies. This would preclude any requirements or regulations imposed by the board which go beyond imposing minimum technical standards to ensure the accuracy, completeness and sufficient quality of surveys establishing the boundaries of platted lands.[11]
Accordingly, the Board of Professional Land Surveyors may promulgate rules imposing minimum technical standards to ensure that the platting of lands pursuant to the minimum requirements in Part I, Ch. 177, F.S., is accurately measured, complete and of sufficient quality to provide legally defensible real property boundaries. To the extent a proposed rule attempts to enlarge, modify or contravene the provisions in Part I, Ch. 177, F.S., however, it is an invalid exercise of the board's rulemaking authority.
[1] Section 472.005(4)(a), F.S.
[2] Section 472.005(4)(b), F.S.
[3] See, Department of Professional Regulation v. Florida Society of Land Surveyors, 475 So.2d 939, 942 (1 D.C.A. Fla., 1985).
[4] Section 120.52(8), F.S.
[5] Section 120.52(8)(b) and (c), F.S.
[6] 566 So.2d 1358 (1 D.C.A. Fla., 1990).
[7] Cf., AGO 88-22, concluding that the Board of Trustees of the Internal Improvement Trust Fund possesses authority to establish a method by which the ordinary high water line can be determined.
[8] 566 So.2d at 1361. The court noted that the enabling legislation authorized rules by which the boundary indicators on a parcel of riparian land could be recorded, with no explicit or implicit necessity for a definition of the legal concept of the ordinary high water line of a body of water under Florida law.
[9] Section 177.011, F.S.
[10] See, ss. 177.031-177.151, F.S.
[11] See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) (where a statute enumerates those things upon which it is to operate, it is ordinarily construed as excluding all things not expressly mentioned).