Stephen L. Rosen Chairman, Statewide Judicial Nominating Committee for Judges of Compensation Claims
QUESTION:
May the Statewide Judicial Nominating Committee for Judges of Compensation Claims promulgate rules regarding: (a) reappointment or retention proceedings for present judges of compensation claims; (b) nomination of new appointees to fill vacancies for judges of compensation claims; (c) meeting procedures; (d) filling vacancies on the nominating committee; (e) removal of committee members; and (f) any or all procedures necessary to carry out the purpose of the committee?
SUMMARY:
The Statewide Judicial Nominating Committee for Judges Of Compensation Claims has not been granted any rule-making authority and may exercise only those powers specifically conferred by Ch.440, F.S., and those reasonably necessary to carry out its statutorily prescribed purpose.
It is well settled that administrative agencies are creatures of the Legislature, having no common law powers.[1] Thus, the power of such administrative agencies is limited to that conferred expressly or by necessary implication for the purpose of carrying out the aims for which they were created.[2]
All rule-making authority granted to an administrative agency, likewise, is limited by the statute conferring such power.[3]
Thus, an administrative agency may not enlarge its scope of power through rules.[4]
Section 440.45(1), F.S., mandates that the Governor appoint as many full-time judges of compensation claims to the workers' compensation trial courts as may be necessary to effectively perform the duties prescribed for them under Ch. 440, F.S. Each appointment is made from a list of at least three persons nominated by a statewide nominating commission. Section 440.45, F.S., further provides:
 The statewide nominating commission shall be composed of the following: five members, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Board of Governors of The Florida Bar from among The Florida Bar members who are actively engaged in the practice of law; five electors, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, appointed by the Governor; and five electors, one of each who resides in each of the territorial jurisdictions of the district courts of appeal, and who are not members of The Florida Bar, selected and appointed by a majority vote of the other ten members of the commission.
Thus, the appointment and composition of the statewide nominating commission is statutorily prescribed and may not be altered by rule, absent legislative authorization. There is no provision, however, for the enactment of rules to govern the procedures of the statewide nominating commission.
Section 440.45, F.S., was amended during the 1990 Legislative Session to provide for the nomination of prospective judges of compensation claims by a statewide nominating commission.[5]
Prior to its amendment, s. 440.45(1), F.S. (1989), provided for the nomination of judges of compensation claims by the appellate district judicial nominating commission for the appellate district in which the judge of compensation claims would principally conduct hearings. Pursuant to s. 11, Art. V, State Const., each district court of appeal has a separate judicial nominating commission as provided by general law.[6] There is also a constitutional requirement that uniform rules of procedure be established by the judicial nominating commissions at each level of the court system. These rules are reflected in the Uniform Rules of Procedure for District Courts of Appeal Judicial Nominating Commissions, Florida Rules of Court.
When s. 440.45, F.S. (1989), was amended to create a statewide nominating commission for the nomination of judges of compensation claims, no attendant provision for rules of procedure was enacted, nor was the commission or any other entity empowered to promulgate rules to govern the procedures of the commission. Given the lack of authority or statutory direction, it appears that the matter of rule-making authority and the procedures for the operation of the statewide nominating commission should be addressed legislatively.
In light of this conclusion, your questions are answered as follows:
(a) Section 440.45(2), F.S., provides that each full-time judge of compensation claims is appointed for a term of four years, but may be removed during such term by the Governor for cause. Prior to the end of a judge's term, the judge's conduct is reviewed by the statewide nominating commission for a determination of whether such judge should be retained in office. Evaluation forms prepared by the chief judge of compensation claims are completed by each attorney within 45 days from the date of any hearing in which the attorney participated and are forwarded to the statewide nominating commission for its consideration in determining whether a judge should be retained.[7]
At least six months prior to the expiration of the term of a judge of compensation claims, the statewide nominating commission's report is furnished to the Governor. If the nominating commission votes not to retain a particular judge, the judge is not reappointed, but remains in office until a successor is appointed and qualified. If the commission votes to retain the judge, then the Governor must reappoint the judge of compensation claims for a term of four years.
The plain language of the statute provides a method by which presiding judges of compensation claims are reappointed or retained. No other manner or method may be used.[8]
(b) While the statewide nominating commission for judges of compensation claims has no authority to promulgate rules to provide for the selection of nominees for judges of compensation claims, the commission may exercise powers which by necessary implication are required to carry out the purpose of the act.[9]
The Uniform Rules of Procedure for District Courts of Appeal Judicial Nominating Commissions sets forth procedures for the selection of new prospective appointees to be judges on the district courts of appeal. As noted above, these rules provided the procedures for selection of nominees for judges of compensation claims prior to the amendment of s. 440.45, F.S., in 1990. While the uniform rules have not been made applicable to the statewide nominating commission, they may provide guidance for the commission to carry out its duties under s. 440.45, F.S.
(c) Relative to meetings of the statewide nominating commission, s. 440.45, F.S., only requires that such meetings and the determinations of the commission be open to the general public. In the absence of statutory authority, however, the statewide nominating commission may not promulgate rules governing procedures for its meetings.
(d) Absent any constitutional or statutory provision, the power to make an appointment to an office includes the power to fill a vacancy in the office.[10] This office, in AGO 92-58, concluded that the statewide nominating commission did not possess the authority to fill vacancies on the commission which are mandated by s. 440.45, F.S., to be appointed by the Governor and The Florida Bar. Accordingly, to the extent the commission is statutorily authorized to appoint its own members, it would appear that vacancies in those positions may be filled by the commission. While the lack of rule-making authority prevents the statewide nominating commission from promulgating rules to control the filling of such vacancies, the commission may act in a reasonably necessary manner to fulfill its statutorily prescribed duty to appoint specified members on the commission.
(e) There is no statutory provision for the removal of members of the statewide judicial nominating commission for judges of compensation claims by members of the commission. As noted above, prior to the creation of a statewide judicial nominating commission for judges of compensation claims, the District Courts of Appeal Judicial Nominating Commissions nominated individuals for appointment by the Governor to be judges of compensation claims.
The composition of judicial nominating commissions is controlled by s. 43.29, F.S., which, in part, provides that "[a] member of a judicial nominating commission shall serve a term of 4 years and is not eligible for consecutive reappointment."[11]
While the provisions in s. 43.29, F.S., are applicable to the District Courts of Appeal Judicial Nominating Commissions, there is no statutory provision making it applicable to the statewide judicial nominating commission for judges of compensation claims.[12]
Section 112.52(1), F.S., states:
When a method for removal from office is not otherwise provided by the State Constitution or by law, the Governor may by executive order suspend from office an elected or appointed public official, by whatever title known, who is indicted or informed against for commission of any felony, or for any misdemeanor arising directly out of his official conduct or duties, and may fill the office by appointment for the period of suspension, not to extend beyond the term.
The State Constitution also gives the Governor authority to suspend by executive order stating the grounds "any state officer not subject to impeachment . . . for malfeasance, misfeasance, neglect of duty, drunkenness, incompetence, permanent inability to perform his official duties, or commission of a felony . . . ."[13]
Given the absence of a statutorily or constitutionally prescribed method for the removal of members of the statewide judicial nominating commission for judges of compensation claims by the commission, it would appear that the Governor would possess the authority for such removal under the specified conditions.
(f) Section 120.52(16), F.S., defines "[r]ule" as "each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization,procedure, or practice requirements of an agency . . . ." (e.s.) Prior to the adoption of any rule,[14] an agency must give notice of its intent to adopt a rule, explaining the purpose and effect of the proposed rule and specifying the legalauthority under which its adoption is authorized.[15]
As discussed above, there is no statutory authority for the Statewide Judicial Nominating Commission for Judges of Compensation Claims to promulgate rules to govern its activities. Thus, the ability of the commission to conduct its affairs in an orderly fashion appears to be doubtful and legislative action to remedy this oversight is advisable.
[1] See, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636 (1 D.C.A. Fla., 1974).
[2] See, Williams v. Florida Real Estate Commission,232 So.2d 239, 240 (4 D.C.A. Fla. 1970), order quashed,240 So.2d 304, 306 (Fla. 1970) (agency has no powers except those mentioned in the statute or reasonably implied).
[3] See, Board of Trustees of the Internal Improvement Trust Fund of State of Florida v. Board of Professional Land Surveyors, 566 So.2d 1358, 1360 (1 D.C.A. Fla., 1990).
[4] See, Department of Transportation v. James,403 So.2d 1066, 1068 (4 D.C.A. Fla., 1981) (regulatory body cannot enlarge its authority through promulgation of rules beyond the authority delegated by statute).
[5] See, s. 39, Ch. 90-201, Laws of Florida.
[6] Section 11(d), Art. V, State Const., also provides that there be a separate judicial nominating commission as provided by general law for the supreme court and each judicial circuit for all trial courts within the circuit.
[7] The evaluation form contains questions relating to the following: timeliness of decisions; diligence, availability, and punctuality; neutrality and objectivity regarding legal issues; knowledge and application of law; courtesy toward litigants, witnesses, and lawyers; judicial demeanor; and willingness to ignore irrelevant considerations such as race, sex, religion, politics, identity of lawyers, or parties.
[8] See, Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944) (where the Legislature has prescribed the mode or directs how a thing shall be done, it is, in effect, a prohibition against its being done in any other way).
[9] See, Lee v. Division of Florida Land Sales and Condominiums, 474 So.2d 282, 284 (5 D.C.A. Fla., 1985) (agency has only such power as is expressly or by necessary implication is granted by the legislative enactment) and Peters v. Hansen,157 So.2d 103 (2 D.C.A. Fla., 1963) (statute imposing a duty upon a public officer to accomplish a stated governmental purpose confers by implication every particular power necessary or proper for the complete exercise of such duty).
[10] See, 67 C.J.S. Officers, s. 77.
[11] Section 43.29(3), F.S.
[12] While the name of the Statewide Judicial Nominating Commission for Judges of Compensation Claims superficially indicates a relation to judicial nominations, s. 11(d), Art. V, State Const., recognizes the existence of separate judicial nominating commissions as provided by general law for the supreme court, each district court of appeal, and each judicial circuit for all trial courts within the circuit.
[13] Section 7(a), Art. IV, State Const. 
[14] With the exception of "emergency rules" adopted pursuant to s. 120.54(9), F.S.
[15] Section 120.54(1), F.S.