Mr. James V. Crosby, Jr. Secretary Florida Department of Corrections 2601 Blairstone Road Tallahassee, Florida 32399-2500
Dear Secretary Crosby:
You ask the following question:
May the Department of Corrections accept a $25,000 donation, subject to conditions imposed by the donor that it be used for a specified program at a designated correctional facility?
The Department of Corrections (department) has received a $25,000 check made out to the "Hillsborough Correctional Institution, Employees' Club/Transition Program" in honor of a deceased friend of the donor who was a contract employee with the institution's transition assistance program. The memo on the check and an accompanying letter provide that the funds are to be used only for the Hillsborough Correctional Institution Transition Assistance Program. Currently, the department accepts donations with the understanding that it determines the best use of the funds. In this instance, however, the department would prefer to accept the funds as conditioned, rather than lose them. You have consulted with the Department of Financial Services for direction in the proper handling of the donation. The Department of Financial Services raised the potential need for specific legislative authority in order for the Department of Corrections to receive funds with conditions imposed by the donor.
As a statutorily created administrative agency, the department possesses only such authority as is expressly given or by necessary implication conferred by law.[1] Section 20.315, Florida Statutes, creates the Department of Corrections, with the purpose "to protect the public through the incarceration and supervision of offenders and to rehabilitate offenders through the application of work, programs, and services."[2] A review of the legislation creating the department and stating its intended purpose does not reveal any specific authority for the department to directly receive conditional gifts or donations.[3]
The Legislature, however, has addressed transition assistance programs like the one in the instant situation.[4] Relevant to such programs, section 944.802, Florida Statutes, authorizes the creation of direct-support organizations:
"Organized and operated to conduct programs and activities; initiate developmental projects; raise funds; request and receive grants, gifts,and bequests of moneys; acquire, receive, hold, invest, and administer, in its own name, securities, funds, objects of value, or other property, real or personal; and make expenditures to or for the direct or indirectbenefit of the Department of Corrections or individual units of the statecorrectional system[.]"[5] (e.s.)
Direct-support organizations must be not-for-profit and incorporated under the provisions of Chapter 617, Florida Statutes, exempted from filing fees, and approved by the Department of State.[6] Such organizations must also be determined by the department to "be consistent with the priority issues and objectives of the Department of Corrections and in the best interest of the state[.]"[7]
Generally, all funds received by a state agency must be deposited into the State Treasury and may be expended only as appropriated by the General Appropriations Act or as otherwise provided by law.[8] The Legislature, however, in section 944.802, Florida Statutes, has provided a method by which moneys may be received by a direct-support organization on behalf of the Department of Corrections and used for specific purposes at designated correctional facilities.
This office has been informed that there is no direct-support organization currently in existence to accept the donation. It may be advisable, therefore, to contact the donor and discuss the requirements that would facilitate fulfilling his intent.
Accordingly, while the Department of Corrections may not directly receive gifts or donations that are conditioned upon their use for a specified purpose or particular correctional unit, it may, through a properly created direct-support organization, accept a donation that is conditioned upon its use for the transition assistance program at the Hillsborough Correctional Institution.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] See, e.g., Ops. Att'y Gen. Fla. 86-46 (1986) and 85-65 (1985). Andsee Lee v. Division of Florida Land Sales and Condominiums, 474 So.2d 282
(Fla. 5th DCA, 1985) (an administrative agency has only such power as expressly or by necessary implication is granted by legislative enactment; it may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power).
[2] Section 20.315(1), Fla. Stat.
[3] See s. 20.315(1) and (2), Fla. Stat.
[4] See ss. 944.701-944-708, Fla. Stat., the "Transition Assistance Program Act."
[5] Section 944.802(1)(b), Fla. Stat.
[6] Section 944.802(1)(a), Fla. Stat.
[7] Section 944.802(1)(c), Fla. Stat.
[8] See s. 215.31, Fla. Stat., stating:
"Revenue, including licenses, fees, imposts, or exactions collected or received under the authority of the laws of the state by each and every state official, office, employee, bureau, division, board, commission, institution, agency, or undertaking of the state or the judicial branch shall be promptly deposited in the State Treasury, and immediately credited to the appropriate fund as herein provided, properly accounted for by the Department of Financial Services as to source and no money shall be paid from the State Treasury except as appropriated and provided by the annual General Appropriations Act, or as otherwise provided by law."