Dear Mr. Beadle:
On behalf of the Melbourne-Tillman Water Control District, you ask substantially the following question:
May the Melbourne-Tillman Water Control District enforce towing, parking, and code enforcement matters on district property either on its own or through an interlocal agreement with a general jurisdiction local government?
In sum:
The Melbourne-Tillman Water Control District may enter into an agreement with the county and any city within which district property is located to authorize the local government to enforce traffic laws of this state on limited access roads controlled or owned by the district pursuant to section 316.006, Florida Statutes. Such authorization, however, does not extend to code enforcement, since the district has no code enforcement authority.
You state that the Melbourne-Tillman Water Control District (district) is a dependent special district within the definition of sections 165.031(5) and 200.001(8)(d), Florida Statutes. The district was created by special act[1] and is located in Brevard County within the City of Palm Bay and the City of West Melbourne, as well as a portion of unincorporated Brevard County. You indicate that the district contains approximately 160 miles of canal rights-of-way varying in width from 88 to 396 feet, with canals varying in width from 20 to 320 feet.
As reflected in your letter, vehicular traffic along the rights-of-way is limited to district vehicles and equipment, other governmental emergency vehicle access, and occasional utility vehicles and equipment. The only non-district use of the rights-of-way is for driveway, sidewalk, and road crossings authorized through the district's permitting process, recreational use authorized by section 31, Chapter 2001-336, Laws of Florida, and limited utility use with board approval upon proof of hardship. You state that periodically the district has encountered vehicles and trailers parked in the rights-of-way, gardens planted within the rights-of-way by adjacent landowners, and the placement of sheds or similar structures within the rights-of-way by adjoining landowners.
Your position is that the district has no "law enforcement," code enforcement or similar authority, and has historically depended upon the City of Palm Bay and Brevard County for assistance in addressing the above issues. Neither the City of Palm Bay nor Brevard County, however, feels that it has enforcement authority for parking, speeding, or general code enforcement on district rights-of-way.
As a statutorily created entity, the district has only such power as is expressly or by necessary implication granted by the legislative enactment creating the district.[2] Unlike counties or municipalities which have been granted home rule powers, special districts possess no inherent or home rule powers. Created by statute for a specific limited purpose, the Melbourne-Tillman Water Control District may exercise only that power and authority as it has been granted by law.[3]
Section 8, Chapter 2001-336, Laws of Florida, sets forth the powers of the board of directors of the district to establish a water management system, with specific authority to "[b]uild and construct any other works and improvements deemed necessary to preserve and maintain the works within the District boundaries[.]"[4] While there is no specific mention of roadways, it would appear that the construction of a road in order to maintain the works of the district would fall within the district's authority by necessary implication.
Enforcement of traffic laws on roads of the district entails the exercise of authority that is not addressed in the district's enabling legislation. Previously, this office has concluded that the state, counties, and municipalities have exclusive jurisdiction of traffic control over roads upon which the public has a right to travel.[5] Counties are specifically granted original jurisdiction over all streets and highways, except state roads and municipal streets, located within their boundaries.[6] With the exception of state roads, municipalities are granted original jurisdiction over all streets and highways located within their boundaries.[7]
Section 316.006(3)(b), Florida Statutes, authorizes the county to exercise jurisdiction over any private road or roads, or over any limited access roads owned or controlled by a special district, located in the unincorporated area within its boundaries if the county and the parties owning or controlling such roads provide, by written agreement approved by the county's governing body, for county traffic control jurisdiction over the roads. Municipalities have similar authority over private roads or a special district's limited access roads when the municipality and the parties controlling or owning the roads have a written agreement approved by the municipality's governing body.[8] The agreement between the special district and the county or municipality may provide for reimbursement of the actual costs of traffic control and enforcement and for liability insurance and indemnification by the party or parties, as well as other terms that are mutually agreeable to the parties.[9] It may also provide for the installation of multiparty stop signs by the parties controlling the roads covered by the agreement if it is determined that such signage will enhance traffic safety.[10]
Section 316.008, Florida Statutes, further recognizes that local authorities may regulate, among other things, stopping, standing or parking on "streets and highways under their jurisdiction[.]"[11]
The term "[s]treet or highway" is defined as "[t]he entire width between the boundary lines of . . . any limited access road owned or controlled by a special district, whenever, by written agreement entered into under s. 316.006(2)(b) or (3)(b), a county or municipality exercises traffic control jurisdiction over said way or place[.]"[12]
Officers and traffic accident investigation officers are authorized to provide for the removal of any abandoned vehicle found unattended upon a bridge or causeway or in any tunnel, or on any public highway when such vehicle is obstructing traffic, when such vehicle has been parked or stored on the public right-of-way for a period exceeding 48 hours, in other than designated parking areas, and is within 30 feet of the pavement edge, or when an operative vehicle has been parked or stored on the public right-of-way for a more than 10 days in other than designated parking areas and is more than 30 feet from the pavement.[13]
Local code enforcement is generally addressed in Chapter 162, Florida Statutes, which allows "[e]ach county or municipality . . . [to] create or abolish by ordinance local government code enforcement boards as provided herein."[14] There are no provisions in the district's enabling legislation or in Chapter 162, Florida Statutes, authorizing the Melbourne-Tillman Water Control District to adopt a code of ordinances or to enforce local ordinances. To the extent code violations may exist on district property, it would be a determination left to the local code enforcement authority whether to exercise its jurisdiction.
Accordingly, it is my opinion that the Melbourne-Tillman Water Control District may enter into an agreement with the county or with cities within which district property is located pursuant to section 316.006, Florida Statutes, to allow the county or such cities to exercise traffic control jurisdiction over limited access roads owned or controlled by the district. Local code enforcement, however, is within the jurisdiction of the county or the city within which the property is located.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See Chs. 86-418 (1986); 90-401 (1990); 91-341 (1991); 92-239 (1992); 94-424 (1994); 2001-336; and 2003-334, Laws of Fla.
[2] See Lee v. Division of Florida Land Sales andCondominiums, 474 So. 2d 282 (Fla. 5th DCA 1985); Op. Att'y Gen. Fla. 91-93 (1991).
[3] Cf. Op. Att'y Gen. Fla. 90-63 (1990). And see ForbesPioneer Boat Line v. Board of Commissioners of Everglades DrainageDistrict, 82 So. 346 (Fla. 1919).
[4] Section 8(3), Ch. 2001-336, Laws of Fla.
[5] See Ops. Att'y Gen. Fla. 81-18 (1981); 86-59 (1986); and 97-03 (1997). See also s. 316.006, Fla. Stat., vesting jurisdiction to control traffic in the state, counties, and charter municipalities.
[6] Section 316.006(3)(a), Fla. Stat.
[7] Section 316.006(2)(a), Fla. Stat.
[8] Section 316.006(2)(b), Fla. Stat.
[9] See ss. 316.006(2)(b)1. and 316.006(3)(b)1., Fla. Stat. Section 316.006(3)(b)2., Fla. Stat., imposes the requirement that prior to entering into an agreement for the county to enforce traffic laws over private roads or limited access roads owned or controlled by a special district, the governing body of the county must consult with the sheriff and no such agreement shall take effect prior to October 1 (the beginning of the county's fiscal year), unless the requirement is waived in writing by the sheriff.
[10] See ss. 316.006(2)(b)3. and 316.006(3)(b)4., Fla. Stat.
[11] Section 316.008(1)(a), Fla. Stat.
[12] Section 316.003(53)(b), Fla. Stat.
[13] See s. 316.194(3)(b)1.-3., Fla. Stat.
[14] Section 162.03(1), Fla. Stat.